UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SHELIA FITZGERALD,**

    **Plaintiff,**

v.                                                      Case No: 5:25-cv-496-JA-PRL

**TRANS UNION, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and FED CHOICE FEDERAL CREDIT UNION,**

    **Defendants.**

_____

## ORDER

This cause comes before the Court on Plaintiff's Motion for Entry of Clerk's Default. (Doc. 18). Plaintiff seeks an entry of default against Defendant FedChoice Federal Credit Union ("FedChoice"). (*Id.* at pp. 1-3). For the reasons explained below, Plaintiff's motion is due to be denied without prejudice.

### I.   BACKGROUND

Plaintiff initiated this action against FedChoice, Trans Union, LLC ("Trans Union"),[1] and Experian Information Solutions, Inc. ("Experian")[2] on August 8, 2025, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (Doc. 1). On September 4, 2025, Plaintiff filed its proof of service as to FedChoice, indicating that FedChoice was

---

[1] Trans Union filed its answer to the complaint on September 8, 2025. (Doc. 12). Later that day, Plaintiff filed a Notice of Settlement, stating that she reached a settlement with Trans Union. (Doc. 15). Plaintiff filed a Stipulation of Dismissal with Prejudice on November 6, 2025, stipulating that Trans Union be dismissed from the case with prejudice, with each party to bear their own fees, costs, and disbursements. (Doc. 17).

[2] As to Experian, Plaintiff filed a Notice of Settlement on September 12, 2025, stating that she reached a settlement with Experian. (Doc. 16).

served on August 29, 2025, through service on an individual named Daniella Barfield ("Barfield"), who is "designated by law to accept service of process on behalf of [FedChoice] at 10001 Willowdale Rd[.], Lanham, MD 20706[.]" (Doc. 10). To date, FedChoice has not appeared in this case.

Plaintiff now seeks entry of a clerk's default against FedChoice pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 18). Plaintiff contends that FedChoice was properly served in accordance with Federal Rule of Civil Procedure 4, as evidenced by the proof of service (Doc. 10), showing that Plaintiff's process server served FedChoice's "registered agent" on August 29, 2025. (Doc. 18 at pp. 1-3).

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 55(a) governs the entry of a clerk's default, providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *See* Fed. R. Civ. P. 55(a). Before directing the clerk to enter a default, the Court must determine whether the plaintiff properly effected service of process on the defendant because, without effective service of process, the Court "lacks personal jurisdiction over a defendant and, therefore, has no power to render judgment over that defendant." *See Kelly v. Florida*, 233 F. App'x 883, 884 (11th Cir. 2007) (per curiam) (citing *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003)); *see also United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009). "The serving party has the burden of showing that the opposing party was properly served." *Spy Optic Inc. v. Pattar Enter., Inc.*, No. 6:16-cv-1541-ORL-31GJK, 2017 WL 8893758, at *1 (M.D. Fla. Oct. 4, 2017) (citation omitted); *see Onpower, Inc. v. United Power Line Contractors, LLC*, No. 2:15-cv-796-

FTM-99MRM, 2016 WL 9049315, at *1 (M.D. Fla. Mar. 14, 2016) (indicating that it is the plaintiff's burden to establish effective service of process); *see also Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir. 2019) (per curiam).

Federal Rule of Civil Procedure 4 includes specific procedural requirements for effecting service of process on individual and corporate defendants. *See generally* Fed. R. Civ. P. 4. For a corporate defendant, Rule 4(h) requires service "by delivering a copy of the summons and . . . complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]" *See* Fed. R. Civ. P. 4(h)(1)(B). A plaintiff may also serve a corporate defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A).

**III.   DISCUSSION**

In this case, Plaintiff fails to demonstrate that service of process through Barfield was sufficient to establish proper service on FedChoice. In the motion, Plaintiff generally states that "[s]ervice of process was accomplished in this action in compliance with [Rule 4], by having an adult non-party process server serve Defendant's registered agent[.]" (Doc. 18 at pp. 2-3). The proof of service reflects that FedChoice was served in Maryland through "Daniella Barfield, who is designated by law to accept service of process on behalf of [FedChoice]." (Doc. 10). According to the proof of service, the process server states that Barfield "identified themselves as the person in charge with identity confirmed by [the] subject stating their name" and that she "accepted service with direct delivery." (*See id.*).

Both Plaintiff's motion and the proof of service fail to adequately explain how Barfield is authorized by law to accept service on behalf of FedChoice under Rule 4 or any other governing law for service on a corporate defendant. As noted above, to properly serve FedChoice under Rule 4(h)(1)(B), Plaintiff was required to "deliver[ ] a copy of the summons and . . . complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." *See* Fed. R. Civ. P. 4(h)(1)(B). Plaintiff does not demonstrate that Barfield held any of these positions, nor do public records on the Maryland Secretary of State Business Express website [3] indicate that Barfield is FedChoice's registered agent or affiliated with FedChoice in any way. *See Nutramax Lab'ys, Inc. v. Ohmi Inv. LLC*, No. 6:24-cv-1242-CEM-EJK, 2024 WL 5298610, at *1 (M.D. Fla. Dec. 10, 2024) (finding that plaintiff failed to establish that service was proper under Rule 4(h)(1)(B) because there was no evidence or explanation that the person served, who identified herself as the corporate defendant's agent, was authorized by law to accept service on behalf of the defendant); *Lewis v. Brock & Scott PLLC*, No. 8:19-cv-616-T-23JSS, 2019 WL 13267114, at *1 (M.D. Fla. Apr. 26, 2019) (determining that plaintiffs failed to establish proper service because the return of service and plaintiffs' motion for clerk's default did not indicate how the individual served was authorized to accept service on behalf of the corporate defendant in Oklahoma or explain how service was proper under Rule 4, Florida law, or Oklahoma law); *see also Blue-Grace Logistics, LLC v. Harry Logistics, Inc.*, No. 8:20-cv-1536-MSS-JSS, 2020 WL 10055354, at *1 (M.D. Fla. Dec. 7, 2020) (concluding that plaintiff failed to establish that

---

[3] *Available* at https://egov.maryland.gov/businessexpress/entitysearch, by entering "FedChoice" into the business name field and then selecting "FedChoice Credit Union Service Organization, LLC."

service was proper under Rule 4(h)(1)(B) because there was no evidence that the person served was an officer, a managing or general agent, or an agent authorized by appointment or law to receive service of process on behalf of the corporate defendant).

Even if Barfield told the process server that she was authorized to accept service of process and then accepted service, that is not conclusive as to whether Barfield was actually authorized to receive process on behalf of FedChoice. *See United States v. Demesmin*, No. 6:17-cv-36-ORL-31KRS, 2018 WL 1988864, at *3 (M.D. Fla. Mar. 14, 2018) (finding that an individual's statement indicating that he or she is authorized to receive service of process and subsequent acceptance of service does not prove that the individual was actually authorized to receive service of process); *see also Persia v. Tab Rest. Grp., LLC*, No. 6:23-cv-1663-PGB-DCI, 2024 WL 1555334, at *3 (M.D. Fla. Apr. 10, 2024) ("[I]f [p]laintiff claims that service on David Visby was sufficient based simply on this individual's statement to the process server that they are authorized to accept service, then [p]laintiff must provide the Court with authority in support of that proposition.").

As a result of the lack of information and requisite detail in Plaintiff's motion and the proof of service, the Court cannot conclude that Plaintiff properly effected service of process on FedChoice. Therefore, the Court will deny Plaintiff's motion for entry of a clerk's default against FedChoice without prejudice, and Plaintiff may renew her motion against FedChoice, if she so chooses, with the appropriate supporting documentation to establish that service was properly effectuated.

---

---

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Motion for Entry of Clerk's Default against Defendant FedChoice Federal Credit Union (Doc. 18) is **DENIED without prejudice**.

(2) On or before **December 22, 2025**, Plaintiff may re-serve Defendant FedChoice Federal Credit Union or file a renewed motion addressing the deficiencies identified in this Order.

**DONE** and **ORDERED** in Ocala, Florida on November 20, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties